# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

STEPHEN HARMON,
                Plaintiff,
vs.

MIKE DUNLEAVY, *et al.*,
                Defendants.

Case No. 3:19-cv-00213-SLG

## ORDER OF DISMISSAL WITH PREJUDICE

Stephen Harmon, a self-represented prisoner, has filed a Civil Rights Complaint under 42 U.S.C. § 1983, and an Application to Waive the Filing Fee under 28 U.S.C. §1915(a).[1] Defendants, Alaska Governor Mike Dunleavy and Alaska Attorney General Clarkson, are both sued in their official capacities.[2] For relief, Mr. Harmon requests a declaration that the Governor and Attorney General have not complied with their constitutional obligations to faithfully execute the laws and that they have knowingly and intentionally denied basic constitutional rights and due process to Mr. Harmon and all Alaskans for over fifteen years.[3] Mr.

---

[1] Dockets 1, 3.

[2] Docket 1 at 1-2; *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' … [A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation … thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.") (citations and internal quotation marks omitted) (emphasis in original).

[3] *Id.* at 9.

Harmon also requests that Alaska's presumptive sentencing[4] and felony sentencing[5] statutes be changed so as to be in accordance with United States Supreme Court law,[6] in an emergency session of the legislature to be called within thirty days of a court order, and that the rewritten statutes be applied retroactively.[7]

The Court takes judicial notice[8] that Mr. Harmon was convicted of sexual assault and murder,[9] sentenced to 129 years with parole eligibility restricted to 99 years, and has been denied state post-conviction relief several times.[10] He has

---

[4] Alaska Stat. 12.55.155.

[5] Alaska Stat. 12.55.125.

[6] Docket 1 at 11 (citing *Montgomery v. Louisiana,* 136 S.Ct. 718 (2016)).

[7] *Id.* at 10-12.

[8] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[9] *See Harmon v. State*, 908 P.2d 434 (Alaska App. 1995) (affirming conviction and sentence in *State of Alaska v. Stephen J. Harmon*, 4FA-S92-2481CR), *abrogated in part by State v. Coon*, 974 P.2d 386 (Alaska 1999).

[10] *See In re Harmon*, No. 17-5759, 138 S.Ct. 287 (Oct. 2, 2017) ("Petition for writ of habeas corpus denied."), *pet. for rehearing denied*, 138 S.Ct. 441 (Nov. 6, 2017); *Harmon v. State*, 2017 WL 540969, at *1 (Alaska App. Feb 8, 2017) ("Harmon subsequently filed four petitions for post-conviction relief, challenging, among other things, the legality of his sentence in light of the United States Supreme Court's opinion in *Blakely v. Washington*. Each of those petitions was denied.") (citing *Harmon v. State*, Nos. A-7200, 4349, 2001 WL 100062 (Alaska App. Feb. 7, 2001) (unpublished)); *Harmon v. State,* No. A-10828, 2012 WL 1580776 (Alaska App. May 2, 2012) (affirming superior court's decision denying Harmon's application for post-conviction relief).

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 2 of 11

been denied habeas relief as well.[11] Mr. Harmon maintains, however, that he is not challenging his conviction or sentence in this case.[12]

## Screening Requirements

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented plaintiff who has not paid the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[13]

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[14] In conducting its review, the court is

---

[11] *See Harmon v. Houser,* 3:18-cv-00083-JKS (judgment of dismissal, 1/24/19; 9th Cir. order denying COA, 4/25/19; 9th Cir. order denying recon. & rehear. en banc, 7/22/19); *Harmon v. Turnbull,* 3:12-cv-00176-SLG (judgment of dismissal, 10/11/12; appeal dismissed, 1/10/13; *cert. denied,* 10/7/13); *Harmon v. Stolc*, 3:08-cv-00136-RRB (judgment of dismissal, 6/24/08; aff'd on appeal, 7/30/09; rehear. denied, 10/5/09); *Harmon v. Crandell*, A96-0411-CV-JKS (judgment of dismissal, 5/16/97; 9th Cir. mandate denying COA, 9/29/97).

[12] Docket 1 at 3-4.

[13] 28 U.S.C. § 1915(e)(2)(B).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 3 of 11

mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[15] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[16]

## DISCUSSION

In both of his claims for relief Mr. Harmon alleges that, in about mid-2013, he was made aware that his Due Process rights were being continually denied by the Governor (in Claim 1) and Attorney General (in Claim 2) of the State of Alaska by the imposition of unconstitutional laws.[17]

1.  <u>Establishing this Court's Jurisdiction Over the Case</u>.

Jurisdiction is "[a] court's power to decide a case or issue a decree[.]"[18] As explained by the United States Supreme Court, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."[19] That is, the United States Constitution or a federal statute must

---

[15] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

[16] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

[17] Docket 1 at 3-4.

[18] Black's Law Dictionary (11th ed. 2019).

[19] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 4 of 11

generally be at issue to establish this Court's jurisdiction. It is Mr. Harmon's burden, as the plaintiff, to show that this Court has jurisdiction to hear his claims.[20] Mr. Harmon has filed claims under 42 U.S.C. § 1983.

2.  <u>Requirements for Filing an Action Under the Civil Rights Act</u>.

42 U.S.C. § 1983 "provides a cause of action for state deprivations of federal rights."[21] That is, a plaintiff has "a cause of action against [1] state actors who [2] violate an individual's rights under federal law."[22] Critically, a plaintiff must establish a causal link between the state action and the alleged violation of his or her rights.[23] These essential elements *must* be alleged in a § 1983 claim.

Section 1983 "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[24] That is, § 1983 provides a

---

omitted).

[20] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) ("We 'presume[ ] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'") (quoting *Kokkonen*, 511 U.S. at 377).

[21] *Nieves v. Bartlett*, ___ U.S. ___, 139 S.Ct. 1715, 1721 (2019).

[22] *Filarsky v. Delia*, 566 U.S. 377, 380 (2012) (quoting 42 U.S.C. § 1983)); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015) ("To maintain an action under section 1983 against ... individual defendants, [a plaintiff] must ... show: (1) that the conduct complained of was committed by a person acting under the color of *state* law; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States.") (citation and internal quotations omitted) (emphasis in original).

[23] *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[24] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S.

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 5 of 11

mechanism for remedying violations of *pre-existing* constitutional or federal rights. To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[25] Constitutional rights are those conferred by the U.S. Constitution to individual citizens.

Thus, to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the following elements: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law. All of these elements must be alleged in a complaint in order to maintain a § 1983 claim.

3.  *Heck v. Humphrey* bars any claim as to the validity of Mr. Harmon's state conviction and/or sentence.

The Supreme Court, in *Wilkinson v. Dotson* held that *Heck v. Humphrey*[26] and its progeny bar § 1983 suits, absent prior invalidation of the conviction or sentence, even when the relief sought is prospective injunctive or declaratory

---

137, 144 n.3 (1979)).

[25] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995).

[26] 512 U.S. 477 (1994).

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 6 of 11

relief, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[27]

Although Mr. Harmon expressly and repeatedly states that he is not challenging the fact or duration of his conviction or sentence, he *is* challenging two sentencing statutes that he claims were unconstitutional as applied to himself and other Alaskans and seeking retroactive relief. A decision invalidating either of those statutes would invalidate the terms of Mr. Harmon's confinement; therefore, *Heck* precludes Mr. Harmon from proceeding with this Section 1983 action.

5. Claim and Issue Preclusion.

Mr. Harmon claims that, after he "became aware of this denial of unlawful/unconstitutional state statutes for any Alaskan, from 2013 to recently 2019 [he] tried to bring attention to varies Alaska Courts (Trial Ct./Appeal Supreme Ct. Ak.) and 'NONE' would want or consider to hear the Claim/ground … instead knowingly allow the Courts to continue with acknowledged and ruled unconstitutional law in/on the proceedings denying all Alaska due process and lawful constitutional state statutes as required by the State and Federal Constitutions."[28]

---

[27] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis omitted) ("a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

[28] Docket 5 at 3, *see also id.* at 4-5 (repeating same).

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 7 of 11

Mr. Harmon's repeated challenges to "the legality of his sentence in light of the United States Supreme Court's opinion in *Blakely v. Washington*[29] have each been denied. On February 8, 2017, the Court of Appeals for the State of Alaska decided as follows:

> First, the *Blakely* rule does not apply to Harmon's sentence for first-degree murder because the sentencing range for first-degree murder is not affected by aggravating or mitigating factors. Moreover, as the supreme court explained in *State v. Smart*, the *Blakely* rule does not apply to defendants whose convictions were final when *Blakely* was decided. *Blakely* was decided on June 24, 2004, over eight years after Harmon's convictions became final. Harmon argues that *Smart* was wrongly decided and should be reversed. Whatever the merits of this contention, we are bound by the supreme court's decisions.[30]

Thus, Mr. Harmon has already litigated the issue of the Alaska presumptive sentencing and felony sentencing statutes as they relate to him.

> In *New Hampshire v. Maine*, the United States Supreme Court described
>
> the res judicata doctrines commonly called claim and issue preclusion. Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential

---

[29] 542 U.S. 296 (2004).

[30] *Id.* at *2 (citing *State v. Smart*, 202 P.3d 1130, 1147 (Alaska 2009)) (further citations omitted); *see also Harmon v. Houser*, 3:18-cv-00083-JKS, Docket 15 at 3 (1/16/19 Order dismissing, as untimely, habeas petition filed under 28 U.S.C. § 2254 claiming that Mr. Harmon "was denied the right to a jury trial on two statutory aggravators in violation of … *Blakely v. Washington*.").

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 8 of 11

to the prior judgment, whether or not the issue arises on the same or a different claim."[31]

Issue preclusion "ordinarily bars relitigation of an issue of fact or law raised and necessarily resolved by a prior judgment."[32] Claim preclusion applies "where there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"[33]

A litigant "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action[s] or by pleading a new legal theory."[34] As explained by the Supreme Court, res judicata "is not based solely on the

---

[31] *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001) (citations omitted).

[32] *Bravo-Fernandez v. U.S.,* ___ U.S. ___, 137 S.Ct. 352, 358 (2016) (citation omitted).

[33] *Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 917 (9th Cir. 2012) (internal citation omitted); *see also, e.g., Ewing v. Superior Court of California*, 90 F.Supp.3d 1067, 1078 (S.D.Cal. 2015) ("'Privity exists where the party against whom collateral estoppel is asserted was a party to the prior adjudication where the issue to be estopped was finally decided.' *Ayers [v. City of Richmond],* 895 F.2d [1267,] 1271 [9th Cir. 1990] (finding privity where the party against whom collateral estoppel is being asserted was a party to both a prior criminal action and a subsequent Section 1983 action).").

[34] *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986); *see also Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 729 (2016) ("The Court now holds that when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule… That constitutional command is, like all federal law, binding on state courts. This holding is limited to *Teague*'s first exception for substantive rules; the constitutional status of *Teague*'s exception for watershed rules of procedure need not be addressed here… [T]he Constitution requires substantive rules to have retroactive effect regardless of when a conviction became final."), which was cited by Mr. Harmon in support of his claims (Docket 1 at 11), and which had already been decided by the time of Mr. Harmon's 2017 state appellate court decision, *Harmon v. State*, 2017 WL 540969 (Alaska App. Feb. 8, 2017).

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 9 of 11

defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."[35] The Ninth Circuit has also held that a complaint may be dismissed when it "merely repeats pending or previously litigated claims."[36]

Mr. Harmon has already litigated his claims regarding the constitutionality of the two state statutes he challenges in this case. Therefore, even if *Heck v. Humphrey* did not preclude this case from going forward, the doctrines of claim and issue preclusion prevent Mr. Harmon from proceeding with these constitutional challenges in this case.

### 6. Mr. Harmon may only represent himself in this Court.

Mr. Harmon claims that he is not attacking his conviction or sentence in his current case, and that the law he challenges effects all Alaskans, because all Alaskan citizens are being denied the application of lawful constitutional state statutes.[37] But Mr. Harmon cannot bring a lawsuit on behalf of anyone other than

---

[35] *Arizona v. California,* 530 U.S. 392, 412 (2000) (citation omitted).

[36] *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (construing former § 1915(d)) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988), and citing *Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted)).

[37] Docket 1 at 3-4; Docket 5 at 5 ("State of Alaska continued denying 'all' Alaskans a) due process and b) Constitutional lawful state statutes as required by U.S. Const. and Alaska const. requires.").

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 10 of 11

himself.[38] Although a "litigant in federal court has a right to act as his own counsel ... a non-lawyer 'has no authority to appear as an attorney for others than himself.'"[39]

7. <u>Leave to amend would be futile.</u>

A self-represented litigant who has failed to state a valid claim for relief is generally accorded an opportunity to amend. Here, however, the Court finds that granting leave to amend would be futile. Mr. Harmon's claims as to the unconstitutionality of state statutes have been fully litigated in the state courts and a favorable ruling from this Court necessarily implicates the validity of the state court sentence. Accordingly, the Court will dismiss this action with prejudice.

**IT IS THEREFORE ORDERED**:

1. The Complaint, at Docket 1, is DISMISSED with prejudice.

2. All pending motions are DENIED as moot.

3. The Clerk of Court is directed to enter a final judgment accordingly.

DATED at Anchorage, Alaska, this 13th day of September, 2019.

                                           */s/ Sharon L. Gleason*
                                           UNITED STATES DISTRICT JUDGE

---

[38] *See Simon v. Hartfield Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities...") (citation omitted).

[39] *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997).

Case No. 3:19-cv-00213-SLG, *Harmon v. Dunleavy, et al.*
Order of Dismissal with Prejudice
Page 11 of 11